MRS. ETHEL DUNNAVANT EVANS, et al., v. WILL HARRELL, et al.

Western Section.    October 6, 1925.

No petition for Certiorari was filed.

1. **Mortgages. Absolute deed held in legal effect a mortgage.**
In suit to try title a deed that purported to convey undivided one-fourth interest in remainder of land to secure the payment of fifty dollars, but if the sum be not paid, then the conveyance to be absolute, held to be a mortgage.

2. **Mortgages. Mortgage held barred by limitations.**
Mortgage held barred by limitation under statute of limitation barring foreclosure on a mortgage after ten years from maturity of note secured thereby.

3. **Estoppel. Permitting sale of property.**
The rule that one stands by and sees another sell or make improvements on his property and says nothing when he might with propriety speak, shall not thereafter claim the property for himself, held not to apply in a case where party had given a deed in the nature of a mortgage and it was of record where buyer might see it and ascertain the title he was buying.

Appeal from Chancery Court, Dyer County; Hon. V. H. Holmes, Chancellor.

Affirmed and remanded

Latta & Latta, and W. S. Williams, all of Dyersburg, for appellant.

R. D. Chambers, of Dyersburg, for appellee.

SENTER, J.    On the 22nd day of May, 1874, Albert G. Ferguson executed an instrument reciting that for the consideration of love and affection which he entertained for his daughter, Ida M. Harrell, he transferred and conveyed to A. T. Ferguson in trust, for the use and benefit of the said Ida M. Harrell, a certain tract of land situated in Dyer county, Tennessee, and described in the instrument. This instrument contained the usual covenants of warranty and seizin and contained the further provisions as follows:

"The said tract of land above described is conveyed to the said A. T. Ferguson to hold in trust for the sole use and benefit of my daughter, the said Ida M. Harrell, so long as she lives and at her death the title vests absolutely in her heirs. The said Ida M. Harrell is to have the use and possession thereof and all the profits arising therefrom during her life. The said tract of land or parcel of land is to be valued at $2,500. as an advancement by me to my daughter, the said Ida M. Harrell."

The defendant William H. Harrell, a son of Mrs. Ida Harrell, on the 16th day of January, 1893, executed the following instrument to W. L. Hurt:

"For and in consideration of $50, to be paid in three months this date, with interest from this date, I, William H. Harrell, have this day bargained and sold and do hereby bargain, sell, convey and assign unto W. L. Hurt of Dyersburg, Tennessee, my undivided one-fourth interest in and to my mother's homeplace subject to her life estate, a tract of 100 acres situated, lying and being the 5th Civil District of Dyer county, and bounded on the North by W. W. Davis, on the South by Jess Richards, on the East by Sidney Harris, and on the West by Mrs. Butler. But this sale and transfer is made for the following and no other purpose, that is to say that I am, indebted to the said W. L. Hurt in the sum of $50, evidenced by my promissory note of even date herewith and due and payable in three months from date, with interest from date at the rate of 8% per annum, and I desire to make certain the payment thereof.

"Now, therefore, if I shall pay off and discharge said debt when due then this sale and transfer shall be void and of no effect; but if I fail to pay the same when due, with all interests and costs, then the said W. L. Hurt shall own and keep my said undivided interests in said 100 acres of land above mentioned and his title shall be full and absolute."

The above instrument was signed by William H. Harrell and dated the 16th day of January, 1893, and duly acknowledged before the county court of Dyer county. On December 4, 1893, W. L. Hurt and wife conveyed this interest to Milton Dunnavant for the recited consideration of $50, and described it as follows: "This land being William Harrell's interest in said land, his interest being one-fourth." By deed dated September 20, 1925, Milton Dunnavant conveyed this same interest in the same land to complainant, F. W. Latta, Jr., by a quitclaim deed duly acknowledged.

It also appears that Frank W. Latta acquired certain other interests in the tract of land. But no question is made in this case except

as to the one-fourth undivided interest of William Harrell alleged to have been conveyed by him to Hurt by the deed dated January 16, 1893.

The original bill in the cause was filed by Mrs. Ethel Dunnavant Evans, and Franklin W. Latta and Oscar Evans, as complainants, making Will Harrell, Hal Cotton, Moore Cotton, Florence Dunnavant Banks, Mary Banks, Joe Dunnavant, Graham Taylor, Macine Taylor Evans, defendants. It is alleged in the original bill that complainant F. W. Latta was now the owner of the one-fourth undivided interest or share of Will Harrell in the tract of land consisting of about 100 acres, and that the other parties were heirs at law of Mrs. Ida Harrell, deceased, and seeks a sale of the property for division among those entitled to share therein.

The defendants answered the bill and alleged in the answer that the deed executed by Albert G. Ferguson to A. T. Ferguson in trust, for the use and benefit of Mrs. Ida M. Harrell, vested the fee simple title in this tract of land in Mrs. Ida M. Harrell, and that upon her death the tract of land descended to her heirs at law, she having died intestate and without having disposed of the property during her lifetime. It is also alleged in the answer that defendant William Harrell had not disposed of his interest in the property and that the instrument executed by him to Hurt, if not void, was at most in legal effect but a mortgage, and that if it should be construed a mortgage that it was non-enforcible because of the statute of limitations.

At the hearing of the cause the chancellor decreed that the conveyance executed by Albert G. Ferguson vested the life estate in this property to his daughter, Ida M. Harrell, with the remainder over to her heirs as a class. The chancellor further decreed that the instrument executed by William H. Harrell to Hurt purporting to convey his one-fourth undivided interest should be construed as a mortgage to secure the note of $50 and that the statute of limitations barred the mortgage lien.

The chancellor also decreed that William H. Harrell did not have such vested right or remainder that was subject to alienation or conveyance at the time of the execution of the instrument to Hurt and that William H. Harrell was still the owner of the one-fourth undivided interest in the property upon the death of his mother, she having died shortly before the filing of the bill.

The case was tried before the chancellor on oral evidence without a jury and a bill of exceptions is contained in the record.

A motion for a new trial was duly made by complainant, Franklin W. Latta, which motion for a new trial was by the chancellor overruled and from which action of the chancellor complainant Franklin

W. Latta excepted and prayed an appeal to this court, and has assigned the following errors:

## I.

"The court erred in holding that Franklin W. Latta was not the owner of the interest in the tract of land described in the original bill decreed by the court to be owned by William Harrell.

## II.

"The court erred in holding William Harrell to be the owner of said interest instead of Franklin W. Latta.

## III.

"The court erred in refusing to hold that William Harrell was estopped from asserting title or claim to any interest in the land in question or denying the claim and title of the appellant, Franklin W. Latta, thereto."

These assignments of error will be discussed and disposed of collectively. In the brief filed by appellant it is now conceded that the instrument executed by William H. Harrell to W. L. Hurt is in legal effect a mortgage. Applying the general rules of construction adopted in thie State, we think the chancellor correct held that the legal effect of this instrument was a mortgage. Ehert v. Chapman, 8 Baxter, 27; Hickrew v. Cantrell, 9 Yerg., 180; Bennett v. Holt, 2 Yerg., 8.

But as above stated it is not now contended that the instrument referred to was in the nature of a repurchase deed but was, in legal effect, a mortgage.

It is insisted by appellant, however, that even though the instrument in question is construed to be a mortgage, that by the conduct of William H. Harrell, he is now estopped in equity from denying the title in his one-fourth undivided interest in appellant. It being contended that at the time he executed this instrument both parties intended that it should operate as a deed subject alone to the condition that it could be repurchased by Harrell upon the payment of the $50 recited consideration; that because of his long acquiescence in that construction to be given the instrument and the property having been conveyed by Hurt to Dunnavant with the full knowledge on the part of Harrell that it had been so conveyed, and that Dunnavant in turn had conveyed this interest to complainant Latta, and for the period of thirty years had made no claim or asserted any right to the property and had silently acquiesced that he is now estopped from denying the validity of the instrument as a deed, or contesting the claim of complainant Latta.

This contention, we do not think, can be sustained. If the instrument is construed as a mortgage it was subject to foreclosure before becoming barred by the Statute of Limitations. The instrument was of record and the subsequent purchasers had notice of the contents of the instrument and its substance. Hurt and Dunnavant had the right to foreclose this mortgage at any time within the Statute of Limitations and failed to do so. If the instrument is to be treated and construed as a mortgage, the Statute of Limitations of ten years from the maturity date of the note secured by the mortgage has long since barred a foreclosure.

The cases cited and relied upon by appellant for the application of the rule of equitable estoppel are in no sense analogous to the instant case. This is not case where a subsequent vendee relying upon the sufficiency of his title has placed valuable improvements upon the property, while the real owner stands silently by and sees the improvements made without questioning the right to make the improvements, and later seeks to deny the validity of an instrument purporting to be a deed, but which for any reason is invalid as a deed. In such cases the rule of equitable estoppel would apply.

We are also of the opinion that if this instrument purported to be an outright deed of conveyance to a one-fourth undivided remainder interest, but which conveyance should be held invalid because the vendor was not then siezed of a vested right subject to alienation or conveyance, or because the remainder was vested in a class and not to the vendor as an individual, the doctrine of an equitable estoppel could properly be invoked against the vendor by the vendee upon the falling in of the life estate, and the remaindermen as a class fully determined, as in the case of Nichols v. Guthrie, 109 Tenn., 536. This case is relied upon by appellant in support of his contention that in the present case appellant took title against his vendor by estoppel on the death of the life tenant.

In Nichols v. Guthrie, supra there are two questions decided. In that case it appears that the remainder to said property was vested in heirs of the life tenant as a class and that during the life of the life tenant a judgment creditor of one of the heirs caused to be levied an execution upon the undivided remainder interest of the judgment debtor in the land, the judgment debtor, Walter Sims, being a son of the life tenant, and one of a class in which the remainder was vested subject to the life estate of the life tenant. At the sale under and by virtue of the levy of the execution, the judgment creditor became the purchaser and took from the sheriff a deed to the same, and afterwards sold whatever interest he thus acquired to one Hogue. After the levy of the execution, but before the sheriff's sale thereunder, Walter Sims alienated and conveyed all his interest in the land to his sister, and she sub-

sequently conveyed the interest to one Nichols. The question there arose between Hogue, as the vendee of the judgment creditor. and Nichols, the vendee under the deed executed by the sister of Walter Sims. The court held that the interest of Walter Sims was not subject to sale under an execution during the lifetime of the life tenant, and that the execution purchaser, Hogue, took nothing by his purchase, while complainant Nichols, "if upon no other ground, upon that of estoppel, would acquire the interest of Walter Sims, upon the death of the life tenant." The distinction in that case and the instant case is that Sims conveyed by an absolute deed his remainder interest as one of a class, while in the instant case it is admitted that the instrument which Harrell executed to Hurt was but a mortgage now barred by the Statute of Limitations.

It results that the decree of the chancellor is affirmed, and the case is remanded to the chancery court for the carrying out of the order of reference, and further proceedings for partitioning the property. The cost of this appeal will be paid by appellant and sureties on his appeal bond.

Owen and Heiskell, JJ., concur.